**Clyde W. BRONSON, Sr., Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3181.

United States Court of Appeals, Federal Circuit.

DECIDED: April 8, 2004.

Clyde W. Bronson, Sr., of Counsel Tecumseh, NE, for Petitioner.

Jeffrey Gauger, Principal Attorney, Merit Systems Protection Board, Kenneth S. Kessler, Principal Attorney, Department of Justice, Martha B. Schneider, Joyce G. Friedman, of Counsel, Merit Systems Protection Board, David M. Cohen, Deborah A. Bynum, of Counsel, Department of Justice, Washington, DC, for Respondent.

Before SCHALL, GAJARSA, and LINN, Circuit Judges.

## DECISION

PER CURIAM.

Clyde W. Bronson. Sr., petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed his appeal for lack of jurisdiction. *Bronson v. Office of Pers Mgmt.*, No. DE–0831–02–0024–I–1, 91 M.S.P.R. 127 (M.S.P.B. Jan.23, 2002). We *affirm.*

## DISCUSSION

### I.

Mr. Bronson sought to appeal to the Board the action of the Office of Personnel Management ("OPM") refunding his Civil Service Retirement System contributions in the amount of $19,644.72 to his spouse, Scharol L. Bronson. Mr. Bronson alleged that the refund had been made without his authorization.

OPM moved to dismiss the appeal for lack of jurisdiction on the ground that there was no final decision of OPM in the matter because a reconsideration decision had not been issued. *See* 5 U.S.C. § 8347(d)(1) (providing that a final OPM decision relating to retirement is appealable to the Board); 5 C.F.R. § 831.109(f)(1) (stating that "[a]fter reconsideration," OPM "shall issue a final decision which shall ... contain notice of the right to request an appeal [to the Board]").

OPM stated that once the appeal was dismissed, it would issue a final reconsideration decision in the matter.

In an initial decision dated November 29, 2001, the administrative judge ("AJ") to whom the case was assigned dismissed Mr. Bronson's appeal for lack of jurisdiction. *Bronson v. Office of Pers. Mgmt.*, No. DE–0831–02–0024–I–1 (M.S.P.B. Nov.29, 2001). The AJ determined that Mr. Bronson had not shown by preponderant evidence either that a final reconsideration decision had been issued or that OPM had failed to issue such a decision after a proper request to do so.

The AJ's initial decision became the final decision of the Board on January 23, 2002, after the Board denied Mr. Bronson's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

### II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998).

The Board did not err in dismissing Mr. Bronson's appeal. The Board only has jurisdiction to consider those matter that are entrusted to it by statute or regulation. *See Serrao v. Merit Sys. Prot. Bd.*, 95 F.3d 1569, 1573 (Fed.Cir.1996). As noted above, the necessary predicate for Board jurisdiction in a case such as this is a final

reconsideration decision from OPM. Because such a decision has not been issued, the Board correctly held that it lacked jurisdiction.

For the foregoing reasons, the final decision of the Board dismissing Mr. Bronson's appeal for lack of jurisdiction is affirmed.[1]

---

1. As noted above, OPM informed the Board that, upon dismissal of Mr. Bronson's appeal, a final appealable decision would be issued within a reasonable period of time. Unless Mr. Bronson petitions for rehearing before this court or files a petition for *certiorari* with the United States Supreme Court, our decision today completes the judicial process in this case. With the judicial process completed, OPM will be in a position to issue a final reconsideration decision in the matter. Once that decision is issued, Mr. Bronson will be able to appeal to the Board, provided he does so in timely fashion. If OPM's reconsideration decision is unfavorable to Mr. Bronson, OPM will tell Mr. Bronson how much time he has to appeal.